■ KATHY MCKENNEY et al., Appellants-Respondents, v CHARLES DOMINICK, Respondent, and SONG MOUNTAIN SKI CENTER, INC., Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Supreme Court erred in concluding that plaintiffs' cause of action is barred by the doctrine of assumption of risk. With the enactment of the comparative negligence statute, assumption of risk is no longer an absolute defense but a measure of defendant's duty of care *(see,* CPLR 1411; *Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657; *Turcotte v Fell,* 68 NY2d 432, 439). "[T]he assumption of risk to be implied from participation in a sport with awareness of the risk is generally a question of fact for a jury" and "dismissal of a complaint as a matter of law is warranted [only] when on the evidentiary materials before the court no fact issue remains for decision by the trier of fact" *(Maddox v City of New York,* 66 NY2d 270, 279).

Plaintiff Kathy McKenney's voluntary participation clearly speaks to an implied assumption, which is simply a factor relevant in the assessment of culpable conduct *(see,* General Obligations Law §§ 18-105, 18-106). Whether plaintiff, who was injured while skiing at defendant's ski resort, had assumed the risk of injury is a factual issue for jury determination. Thus, the court erred in concluding that plaintiff assumed the risk of injury as a matter of law and in dismissing the complaint on that ground. (Appeals from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Green, Boehm and Davis, JJ.