■ AAC CONTRACTING, INC., Respondent, v UNITED COASTAL INSURANCE COMPANY, Appellant, and BOARD OF EDUCATION OF THE CHEEKTOWAGA/MARYVALE UNION FREE SCHOOL DISTRICT, Respondent. [599 NYS2d 203] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff and defendant Board of Education of Cheektowaga/Maryvale Union Free School District and judgment granted in accordance

with the following Memorandum: Although Supreme Court properly granted the motion by AAC Contracting, Inc. (AAC) and cross motion by the Board of Education of the Cheektowaga/Maryvale Union Free School District (School District) for judgment on the complaint and cross claim, respectively, determining that defendant United Coastal Insurance Company (United Coastal) has the obligation to defend and, if necessary, to indemnify the School District and AAC in the underlying Amico action, it failed to declare the rights of the parties as requested (*see, United States Fire Ins. Co. v Leisure Rinks Southtown,* 159 AD2d 972; *Bristol v Eastern Air Lines,* 133 AD2d 535).

There is no merit to United Coastal's contention that AAC and the School District lack standing to seek declaratory relief. AAC and the School District are insureds under a policy issued by United Coastal that provides coverage for claims asserted against them and both insureds have established the existence of a genuine dispute whether United Coastal has a duty to defend and to indemnify that will not be resolved in the underlying action (*see, Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380; *Aetna Cas. & Sur. Co. v Lauria,* 54 AD2d 183). Further, the fact that both insureds presently have the benefit of a defense provided by other insurers does not relieve United Coastal of its obligation to provide a defense (*see, Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co.,* 78 AD2d 176, 179).

Likewise without merit is United Coastal's contention that its amendatory endorsement to Exclusion (j) of the policy, which excludes liability for bodily injury to an employee of the insured arising out of the performance of his work, applies to this case. That exclusion does not apply to liability assumed under an "incidental contract". A separate endorsement to the policy expressly includes AAC's contract with the School District to perform asbestos removal on its high school building as an "incidental contract", and the underlying Amico action arose out of work performed on that contract. Moreover, the School District was an "insured" within the meaning of United Coastal's policy, and the person injured in the underlying action was not an employee of the School District.

United Coastal failed to provide its insureds and the claimants with a timely notice of disclaimer that the School District failed to satisfy an alleged pre-condition to coverage: payment of a deductible required by the policy. Thus, United Coastal is

precluded from raising that defense in opposition to the motions for summary judgment.

Therefore, under the circumstances of this case, we modify by granting a judgment declaring that United Coastal has the duty to defend and, if necessary, to indemnify the School District for the claims asserted in the underlying action brought by the Amicos against the School District; that United Coastal has the duty to furnish a defense to AAC in the third-party action and to reimburse AAC and the School District for the cost of defending those actions; and that, in the event United Coastal indemnifies the School District, by settlement or otherwise, in the action commenced by the Amicos, AAC shall be required to pay to United Coastal any deductible required by the policy. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Declaratory Judgment.) Present—Denman, P. J., Pine, Balio, Boomer and Davis, JJ.