■ AAC CONTRACTING, INC., Respondent, v UNITED COASTAL INSURANCE COMPANY, Appellant, and BOARD OF EDUCATION OF THE FORESTVILLE CENTRAL SCHOOL DISTRICT, Respondent. [608 NYS2d 908] —Judgment unanimously affirmed with costs (see, AAC Contr. v United Coastal Ins. Co., 193 AD2d 1085). (Appeal from Judgment of Supreme Court, Chautauqua County, Gerace, J.—Declaratory Judgment.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.

■ MARY LOU CONARY, Appellant, v CLOVER LANES, INC., Respondent. [605 NYS2d 607] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff seeks damages for personal injuries sustained in a fall at defendant's bowling lanes. The fall occurred when plaintiff, while bowling, stepped over the foul line and slipped on oil applied to the bowling lane by defendant. Plaintiff alleges that defendant was negligent in creating a slippery and dangerous condition and in failing to warn bowlers that the lanes were oiled up to the foul line.

Supreme Court erred in granting defendant's motion for summary judgment and dismissing the complaint on the ground that plaintiff assumed the risk of injury by voluntarily participating in the sport of bowling. "[T]he assumption of risk to be implied from participation in a sport with awareness of the risk is generally a question of fact for a jury" and "dismissal of a complaint as a matter of law is warranted [only] when on the evidentiary materials before the court no fact issue remains for decision by the trier of fact" (Maddox v City of New York, 66 NY2d 270, 279; accord, McKenney v Dominick, 190 AD2d 1021; Lamey v Foley, 188 AD2d 157, 164). Whether plaintiff assumed the risk of that injury is a factual issue for jury determination (see, McKenney v Dominick, supra; Allwood v CW Post Coll., 190 AD2d 704, 705). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.— Summary Judgment.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.