■ MICHAEL A. BESHARA et al., Respondents, v J. DAVID LITTLE et al., Appellants. [626 NYS2d 310] —Crew III, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered June 16, 1994 in Saratoga County, which granted plaintiffs' motion to serve an amended complaint.

Defendant J. David Little (hereinafter defendant) represented plaintiffs and Michael Hoffis in a real estate transaction wherein plaintiffs were to purchase a restaurant from Hoffis. The contract of sale provided for a closing date of June 15, 1986. The closing did not occur until October 1, 1986, as the result of which plaintiffs were denied operation of the restaurant during the summer months, its peak earning period.

Plaintiffs commenced this legal malpractice action against defendants seeking, *inter alia,* money damages for their anticipated loss of profits by reason of the delay in closing. After issue was joined and discovery undertaken, plaintiffs moved for leave to serve an amended complaint containing a cause of action for treble damages pursuant to Judiciary Law § 487 on the ground that defendant conspired with Hoffis to intentionally postpone closing until October 1986 in order that Hoffis could reap the profits generated in the summer business months. Supreme Court granted plaintiffs' motion and this appeal ensued.

We reverse. While leave to amend should be freely given *(see, Town of Thompson v Alleva,* 76 AD2d 1022; *see also,* CPLR 3025 [b]), such leave should be denied where, as here, a proposed amendment is palpably insufficient as a matter of law *(see, Casey v State of New York,* 119 AD2d 363, 365). It is well established that in order for a plaintiff to assert a claim for treble damages pursuant to Judiciary Law § 487, an attorney's alleged deceit must have occurred during a pending judicial proceeding in which the plaintiff was a party *(see, e.g., Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro,* 187 AD2d 384, 386). Inasmuch as defendant's alleged deceit and collusion did not take place in the context of a pending

judicial proceeding, Supreme Court improperly granted leave to amend.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.