■ ADINA MAYERHOFF et al., Appellants, v CORINNE TIMENIDES et al., Respondents. [703 NYS2d 200] —In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated October 2, 1998, which, *inter alia*, granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) to the extent of dismissing the first cause of action alleging adverse possession.

Ordered that the order is affirmed, with costs.

In July 1995, the plaintiff Adina Mayerhoff purchased certain real property located at 31 Walnut Street in West Hempstead. Over two years later, in December 1997, the plaintiffs commenced this adverse possession action seeking title to a small portion of property located to the east of their property line, adjacent to the defendants' garage. The defendants subsequently moved, *inter alia*, to dismiss the plaintiffs' adverse possession claim pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. While the defendants' motion was pending, they asked the court to consider evidentiary materials which had been previously submitted in connection with a prior application, and to convert their motion to one for summary judgment in accordance with CPLR 3211 (c). Although the Supreme Court did not clearly indicate whether or not it had decided to treat the motion as one for summary judgment, it dismissed the plaintiff's adverse possession claim based upon the defendants' evidentiary submissions.

Contrary to the plaintiffs' contention, the Supreme Court did not err in considering the evidentiary materials submitted by the defendants, and dismissing the adverse possession claim. Although a court may not treat a motion to dismiss as a motion for summary judgment without giving notice to the parties (*see, Mihlovan v Grozavu,* 72 NY2d 506, 508; *Brabender v Incorporated Vil. of Northport,* 222 AD2d 477), it may nevertheless consider evidentiary submissions to assess the viability of a complaint where such evidence demonstrates that a material fact alleged by a plaintiff to be true is "not a fact at all", and that "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *see, Adams v O'Connor,* 245 AD2d 537; *CD Music Co. v Bassline, Inc.,* 242 AD2d 654; *Jacobs v Haber,* 232 AD2d 372).

Here, the evidentiary materials which the court relied upon

in dismissing the adverse possession claim consisted of.the affidavits of four tenants who had resided at 31 Walnut Street until the plaintiff Adina Mayerhoff purchased the premises in July 1995. Since the unrefuted averments of these former tenants completely negate the plaintiffs' allegation that their predecessors-in-interest adversely possessed the disputed property during the 10-year prescriptive period, the plaintiffs' adverse possession claim was properly dismissed for failure to state a cause of action. Bracken, J. P., Thompson, Sullivan and Krausman, JJ., concur.