■ WILLIAM SCHNELL, Plaintiff, v ROY J. LESTER et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. CHICAGO INSURANCE COMPANY, Third-Party Defendant-Appellant. [703 NYS2d 262] —In an action, *inter alia,* to recover damages for fraud and breach of contract, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated March 24, 1999, as granted the motion of the defendants third-party plaintiffs for summary judgment declaring that it is obligated to defend and indemnify them in a legal malpractice action entitled *Schnell v Lester,* pending in the Supreme Court, Suffolk County, under Index No. 96-30336.

Ordered that the order is modified by deleting the provision thereof granting that branch of the motion of the defendants third-party plaintiffs which was for summary judgment declaring that the third-party defendant is obligated to indemnify them in the legal malpractice action entitled *Schnell v Lester,* pending in the Supreme Court, Suffolk. County, under Index No. 96-30336, and substituting therefor a provision granting that branch of the motion only to the extent of declaring that the third-party defendant is obligated to indemnify the

defendants third-party plaintiffs in the legal malpractice action only for those acts of malpractice proven at trial to have occurred after the commencement of coverage under the legal malpractice insurance policy issued by the third-party defendant to the defendants third-party plaintiffs; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants third-party plaintiffs.

Roy J. Lester, individually and as a shareholder of Lester and Fontanetta, P. C. (hereinafter Lester), and Lester and Fontanetta, P. C. (hereinafter the firm), provided legal representation to William Schnell (hereinafter Schnell). Schnell placed $160,000 in an escrow account of the firm to be used for real estate investments. The original investment agreement required Lester or members of the firm to authorize all expenditures. A subsequent amendment to the agreement allowed another person to release the funds, and that person distributed the funds pursuant to the amendment. Schnell commenced an action against Lester and the firm to recover damages for legal malpractice alleging that his $160,000 had been negligently distributed. Lester and the firm sought defense and indemnification in the legal malpractice action from the appellant, Chicago Insurance Company, pursuant to a comprehensive legal malpractice insurance policy. Chicago Insurance Company denied coverage asserting that the operative act of negligence, the amendment of the investment agreement, predated the enactment of the insurance contract and was therefore excluded by specific language in the policy. Lester and the firm countered that the allegation of legal malpractice was of a continuous course of conduct and was covered by the insurance contract because some acts occurred after coverage had commenced.

An insurer has a duty to defend its insured where the allegations of the complaint in the underlying action on the known facts give rise to a reasonable possibility of coverage (*see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169; *Lehrer McGovern Bovis v Halsey Constr. Corp.,* 254 AD2d 335). The insurer will be relieved of the duty to defend only when it can prove, as a matter of law, that the injury claimed falls entirely within a policy exclusion (*see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304). Here, the Supreme Court properly concluded that the allegations detailed in the complaint encompassed acts which occurred after the commencement of coverage, and the Chicago Insurance Company was obligated to defend Lester and the firm in the legal malpractice action. However, because the duty to defend is broader than the duty

to indemnify, the Chicago Insurance Company will be required to indemnify Lester and the firm only for those acts of malpractice proven at trial to have occurred after the commencement of coverage (*see, Seaboard Sur. Co. v Gillette Co., supra; cf., General Acc. Ins. Co. v 35 Jackson Ave. Corp.*, 258 AD2d 616). Santucci, J. P., Joy, S. Miller and H. Miller, JJ., concur.