■ MILLS REAL ESTATE & HOLDING CORP., Appellant, v BIRBROWER, MONTALBANO, CONDON & FRANK, P. C., Respondent. [712 NYS2d 381] —In an action, *inter alia*, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated August 11, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. To establish a prima facie case of legal malpractice, a client must demonstrate that its attorney failed to exercise that degree of skill commonly exercised by an ordinary member of the legal community, and that it incurred damages as a direct result of its attorney's actions (*see, Marshall v Nacht,* 172 AD2d 727). Assuming arguendo that an attorney-client relationship existed, the plaintiff failed to raise a triable issue of fact that any damages it allegedly incurred were proximately caused by the defendant's alleged negligence (*see, Luniewski v Zeitlin,* 188 AD2d 642). Consequently, the plaintiff's cause of action to recover damages for

malpractice was properly dismissed (*see, Marshall v Nacht, supra; Murphy v Stein, supra*).

The plaintiff's remaining contention is without merit. Bracken, J. P., Joy, McGinity and Feuerstein, JJ., concur.