■ MELISSA IELPI, Respondent, v RINGLING BROS.-BARNUM & BAILEY COMBINED SHOWS, INC., et al., Appellants. [731 NYS2d 889] —In an action, *inter alia,* to recover damages for negligence and violation of Labor Law § 740, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (O'Connell, J.), entered March 23, 2000, which, among other things, denied those branches of their motion which were to dismiss the first, second, third, sixth, and eighth causes of action asserted in the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the eighth cause of action to recover damages pursuant to Labor Law § 740 and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Taking the allegations of the complaint as true and resolving all reasonable inferences in favor of the plaintiff (*see, Gaidon v Guardian Life Ins. Co.,* 94 NY2d 330; *Doria v Masucci,* 230 AD2d 764), the plaintiff failed to state a cause of action to recover damages for a violation of Labor Law § 740 since she did not allege a threat to the public at large (*see, Kern v DePaul Mental Health Servs.,* 152 AD2d 957; *Green v Saratoga A.R.C.,* 233 AD2d 821). Thus, that branch of the defendants' motion which was to dismiss the plaintiff's cause of action predicated on a violation of Labor Law § 740 should have been granted.

The Supreme Court correctly declined to dismiss the remaining causes of action because there are questions of fact as to which of the corporate defendants, if any, employed the plaintiff (*see, Guggenheimer v Ginzburg,* 43 NY2d 268; *Mayerhoff v Timenides,* 269 AD2d 369). Krausman, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.