■ JASON KONIDARIS, Respondent, v AENEAS CAPITAL MANAGEMENT, LP, et al., Appellants. [777 NYS2d 666]—In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered August 12, 2003, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) and granted the plaintiff's cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

On a motion to dismiss pursuant to CPLR 3211, a court must accept as true the facts as alleged within the four corners of the complaint and accord the plaintiff the benefit of every possible favorable inference to determine whether the allegations fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634 [1976]). Viewing the complaint under this guideline, it sufficiently stated causes of action alleging breach of an oral contract, unjust enrichment, and money had and received.

The Supreme Court providently granted the plaintiff's cross motion for leave to amend the complaint to assert additional claims pursuant to Labor Law article 6 for unpaid or improperly withheld wages (*see Leszczynski v Kelly & McGlynn*, 281 AD2d 519 [2001]). The Supreme Court correctly determined that the additional Labor Law article 6 cause of action alleged sufficient facts to survive a motion to dismiss (*see* Labor Law §§ 190, 193, 198; *Fiorenti v Central Emergency Physicians*, 187 Misc 2d 805 [2001], *revd on other grounds* 305 AD2d 453 [2003]; *Reilly v Natwest Mkts. Group Inc.*, 181 F3d 253 [1999], *cert denied* 528 US 1119 [2000]).

The defendants' remaining contentions are without merit. Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.