■ MANNA FUEL OIL CORP., Appellant, v PAUL R. ADES, Respondent. [789 NYS2d 288]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated May 7, 2003, which granted the defendant's motion, inter alia, for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the issue of liability and to impose a sanction.

Ordered that the order is affirmed, with costs.

A plaintiff claiming legal malpractice must demonstrate proof of negligence, that the negligence was the proximate cause of the harm suffered by the plaintiff, and actual damages (*see Allen v Potruch,* 282 AD2d 484 [2001]; *Mills Real Estate Holding Corp. v Birbrower, Montalbano, Condon & Frank,* 274 AD2d 505 [2000]; *Rau v Borenkoff,* 262 AD2d 388 [1999]; *Lauer v Rapp,* 190 AD2d 778 [1993]; *Murphy v Stein,* 156 AD2d 546 [1989]). Here, after the defendant made out a prima facie case for summary judgment, the plaintiff failed to demonstrate the existence of a triable issue of fact that the defendant breached a duty to it, and that even if there was such a breach, that it was the proximate cause of damages incurred by the plaintiff. Consequently, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice (*see Mills Real Estate Holding Corp. v Birbrower, Montalbano, Condon & Frank, supra*).

The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Judiciary Law § 487. In opposition to the defendant's prima facie showing of entitlement to summary judgment, the plaintiff failed to raise a

triable issue of fact as to the elements of fraud as a predicate to its claim of a violation of that section, nor did the alleged wrongdoing take place in the context of a legal proceeding (*see Beshara v Little,* 215 AD2d 823 [1995]; *Michalic v Klat,* 128 AD2d 505 [1987]; *Di Prima v Di Prima,* 111 AD2d 901 [1985]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.