■ RICHARD EDWARDS et al., Respondents-Appellants, v HAAS, GREENSTEIN, SAMSON, COHEN & GERSTEIN, P.C., et al., Appellants-Respondents, et al., Defendant. [793 NYS2d 167]—

In an action, inter alia, to recover damages for legal malpractice, the defendants Haas, Greenstein, Samson, Cohen & Gerstein, P.C., and Donald G. Cohen, appeal from stated portions of an order of the Supreme Court, Kings County (Martin,

J.), dated February 25, 2002, which, inter alia, denied that branch of their motion which was pursuant to CPLR 4404 to set aside the jury verdict in favor of the plaintiffs and against them and for judgment as a matter of law dismissing the complaint insofar as asserted against them for failure to establish a prima facie case and the plaintiffs cross-appeal, as limited by their brief, from stated portions of the same order.

Ordered that the order is reversed insofar as appealed.from, on the law, that branch of the motion which was pursuant to CPLR 4404 to set aside the jury verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against the defendants Haas, Greenstein, Samson, Cohen & Gerstein, P.C., and Donald G. Cohen for failure to establish a prima facie case is granted, the complaint is dismissed insofar as asserted against those defendants, and so much of the order dated February 25, 2002, as determined the remaining branches of the motion of those defendants is vacated; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants Haas, Greenstein, Samson, Cohen & Gerstein, P.C., and Donald G. Cohen.

The plaintiffs commenced this action against, among others, their former attorneys, the defendants Haas, Greenstein, Samson, Cohen & Gerstein, P.C., and Donald G. Cohen (hereinafter the defendant attorneys), alleging, inter alia, that the defendant attorneys committed legal malpractice by (1) representing all of the parties at a stock redemption and mortgage loan closing, including both the plaintiffs and nonparty Alexander DiMaio, a former business associate of the plaintiff Richard Edwards, (2) failing to provide a closing statement to the plaintiffs, and (3) representing DiMaio in a separate lawsuit against Edwards.

Following a jury trial, the jury rendered a verdict by answering a series of interrogatories. First, the jury found that the defendant attorneys represented all of the parties at a stock redemption and mortgage loan closing, and that there was a conflict of interest in that regard. However, the jury also found that Edwards was informed of the potential conflict of interest. Thus, the jury did not award any damages against the defendant attorneys for this claim. Second, the jury concluded that the defendant attorneys failed to provide a closing statement to the plaintiffs summarizing the transactions of the stock redemption and mortgage loan closing and that they departed from "the accepted standard of care required of an attorney" by fail-

ing to provide such closing statement which was a substantial factor in causing the plaintiffs' damages. With respect thereto, the jury awarded the plaintiffs the principal sum of $500,000 in compensatory damages. Third, the jury determined that the defendant attorneys departed "from the accepted standard of care required of an attorney" by representing DiMaio in the lawsuit against Edwards, and that such departure was a substantial factor in causing the plaintiffs' damages. With respect thereto, the jury awarded the plaintiffs the principal sum of $500,000 in compensatory damages and the principal sum of $2,000,000 in punitive damages. Subsequently, the Supreme Court granted that branch of the defendant attorneys' motion pursuant to CPLR 4404 which was to set aside the verdict and for a new trial on the issues of liability and damages. However, the Supreme Court denied that branch of the motion which was to set aside the jury verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against the defendant attorneys for failure to establish a prima facie case. We reverse insofar as appealed from.

To establish a prima facie case of legal malpractice, the plaintiff must prove that (1) the attorney departed from the exercise of that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community, (2) the attorney's departure from the standard of care was the proximate cause of the loss sustained by the plaintiff, and (3) the plaintiff incurred damages as a direct result of the attorney's actions (*see Attonito v La Mirage of Southampton*, 276 AD2d 454 [2000]; *see also Manna Fuel Oil Corp. v Ades*, 14 AD3d 666 [2005]; *DeGregorio v Bender*, 4 AD3d 384 [2004]). The plaintiffs failed to establish, prima facie, that the defendant attorneys committed malpractice by allegedly not providing a closing statement after the stock redemption and mortgage loan closing. In any event, there was no evidence that such alleged failure was the proximate cause of any damages to the plaintiff. There was also no evidence that the alleged failure to provide a closing statement affected or damaged Edwards in defending the separate lawsuit brought by DiMaio against him. Further, while we do not condone the actions of the defendant attorneys in initially representing DiMaio in the lawsuit against Edwards, and, in fact, such conduct may be contrary to the standards set forth in the Code of Professional Responsibility (*see e.g.* Code of Professional Responsibility DR 5-105 [22 NYCRR 1200.24]; DR 5-108 [22 NYCRR 1200.27]), the plaintiffs' proof, in this regard, was clearly insufficient to sustain a prima facie case of legal malpractice against the defendant attorneys.

The parties' remaining contentions, including those raised on

the cross appeal, either have been rendered academic in light of this determination or are without merit. Florio, J.P., Smith, Rivera and Fisher, JJ., concur.