■ GEOFFREY DODGE, Respondent, v RICHARD B. KING et al., Appellants. [796 NYS2d 161]—

In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered August 15, 2003, which denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this legal malpractice action alleging that the defendants, Richard King and the law firm of Shamberg Marwell Hocherman Davis & Hollis, P.C. (hereinafter the defendant attorneys), were negligent in drafting an answer for him in an action to determine who held title to certain real property located in Pound Ridge, Westchester County (hereinafter the property). The plaintiff alleged that the defendants failed to assert that he had acquired title to the property through adverse possession. The defendant attorneys moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and the Supreme Court denied the motion. We affirm.

"On a motion to dismiss pursuant to CPLR 3211, a court must accept as true the facts as alleged within the four corners of the complaint and accord the plaintiff the benefit of every possible favorable inference" (*Konidaris v Aeneas Capital Mgt., LP,* 8 AD3d 244, 244 [2004]). "To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Teitler v Max J. Pollack & Sons,* 288 AD2d 302 [2001]). To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (7), the evidence must demonstrate that no significant dispute exists as to the facts alleged by the plaintiff (*see Mayerhoff v Timenides,* 269 AD2d 369 [2000]).

In his complaint, the plaintiff set forth sufficient facts for a legal malpractice cause of action (*see Blank v Harry Katz, P.C.,* 3 AD3d 512, 513 [2004]). It was alleged in the complaint that the plaintiff had a viable claim for adverse possession in the underlying action (*see Orsetti v Orsetti,* 6 AD3d 683 [2004]; RPAPL 522), which the defendant attorneys failed to assert on his behalf, causing him to lose his claim of title to the property. Furthermore, the defendant attorneys' evidentiary submissions failed to establish that there was no dispute regarding the facts alleged by the plaintiff in his complaint (*see Mayerhoff v Timenides, supra*).

The defendant attorneys' contention that dismissal was warranted because the plaintiff could have amended his answer to assert a claim for adverse possession after terminating the attorney-client relationship is without merit. The defendant attorneys did not establish that a motion for leave to amend made before trial would have been granted. Schmidt, J.P., Adams, Luciano and Rivera, JJ., concur.