■ MENICUCCI VILLA & ASSOCIATES, PLLC, Respondent, v NORMAN PICKETT et al., Appellants, and HELEN PICKETT, Defen-

dant and Third-Party Plaintiff-Appellant. RICHARD A. ROSENZWEIG, Third-Party Defendant-Respondent. [805 NYS2d 853]—In an action, inter alia, to recover damages for breach of contract, the defendants and the defendant third-party plaintiff appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Richmond County (Minardo, J.), dated January 22, 2004, which, inter alia, granted those branches of the motion of the plaintiff and the third-party defendant which were pursuant, inter alia, to CPLR 3211 (a) (7) to dismiss the counterclaims and the third-party complaint insofar as they sought to recover damages for legal malpractice.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted those branches of the motion of the plaintiff and the third-party defendant which were to dismiss the defendants' counterclaims and the third-party complaint insofar as they assert claims to recover damages for legal malpractice for failure to state a cause of action. We construe as true the allegations in the third-party complaint and in the defendants' counterclaims, and accord the appellants the benefit of every favorable inference (*see L. Magarian & Co. v Timberland Co.*, 245 AD2d 69 [1997]; *cf. Dodge v King*, 19 AD3d 359 [2005]; *Konidaris v Aeneas Capital Mgt., LP*, 8 AD3d 244 [2004]; *Schneider v Hand*, 296 AD2d 454 [2002]). Nevertheless, the appellants failed to allege sufficient material facts to give rise to cognizable claims to recover damages for legal malpractice (*see Edwards v Haas, Greenstein, Samson, Cohen & Gerstein, P.C.*, 17 AD3d 517, 519 [2005]).

We decline the respondents' request to impose a sanction upon the appellants for pursuing an allegedly frivolous appeal (*see* 22 NYCRR 130-1.1).

The appellants' remaining contentions are without merit. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.