■ ALLAN SIMMONS, Appellant, v LEWIS C. EDELSTEIN, Respondent. [820 NYS2d 614]—

In an action to recover damages for legal malpractice, the

plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Peck, J.), entered October 18, 2004, which granted that branch of the defendant's cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7), and (2) a judgment of the same court entered November 8, 2004, which, upon the order, is in favor of the defendant and against him dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted that branch of the defendant's cross motion which was to dismiss the complaint for failure to state a cause of action against him to recover damages for legal malpractice (*see* CPLR 3211 [a] [7]). "On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine, accepting as true the factual averments of the complaint and according the plaintiff the benefit of all favorable inferences, whether the plaintiff can succeed upon any reasonable view of the facts as stated" (*Manfro v McGivney*, 11 AD3d 662, 663 [2004] [internal quotation marks omitted]). "In assessing a motion under CPLR 3211 (a) (7), . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint . . . and 'the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one' " (*Leon v Martinez*, 84 NY2d 83, 88 [1994], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Affidavits and other evidentiary material may also be considered to "establish conclusively that plaintiff has no cause of action" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]).

A cause of action to recover damages for legal malpractice requires proof of three elements: (1) that the defendant failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, (2) that such negligence was the proximate cause of the actual damages sustained by the plaintiff, and (3) that, but for the defendant's negligence, the plaintiff would have been successful in the underlying action (*see Edwards v Haas, Greenstein, Samson, Cohen & Gerstein, P.C.*, 17 AD3d 517, 519 [2005];

*J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey,* 14 AD3d 482, 483 [2005]; *Zelenaya v Rosengarten,* 301 AD2d 519 [2003]; *Svigals v Hopgood, Calimafde, Kalil & Judlowe,* 256 AD2d 460 [1998]; *Andrews Beverage Distrib. v Stern,* 215 AD2d 706 [1995]).

Failure to establish proximate cause mandates dismissal of a legal malpractice action (*see Brooks v Lewin,* 21 AD3d 731, 734 [2005], *lv denied* 6 NY3d 713 [2006]). To survive dismissal, the complaint must show that, but for counsel's alleged malpractice, the plaintiff would not have sustained some actual ascertainable damages (*see Pellegrino v File,* 291 AD2d 60, 63 [2002]). The Supreme Court properly determined that the plaintiff failed to allege a cognizable cause of action to recover damages for legal malpractice (*see Menicucci Villa & Assoc., PLLC v Pickett,* 24 AD3d 734 [2005]; *Edwards v Haas, supra*). Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.