■ WILLIAM G. CUMMINGS, Appellant, v LAWRENCE DONOVAN, Respondent. [828 NYS2d 475]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated November 28, 2005, as granted those branches of the defendant's motion which were to dismiss the first, second, third, fifth, and sixth causes of action pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

A cause of action to recover damages for legal malpractice requires proof of three elements: (1) that the defendant failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, (2) that such negligence was the proximate cause of the actual damages sustained by the plaintiff, and (3) that, but for the defendant's negligence, the plaintiff would have been successful in the underlying action (*see Simmons v Edelstein*, 32 AD3d 464 [2006]). Furthermore, to state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, the plaintiff must allege his or her innocence or a colorable claim of innocence of the underlying offense (*see Britt v Legal Aid Socy.*, 95 NY2d 443, 445 [2000]; *Carmel v Lunney*, 70 NY2d 169, 173 [1987]).

The complaint fails to plead facts to the effect that, but for the alleged negligence of the defendant with regard to the matters within the scope of his retention, the plaintiff would not have suffered some actual, ascertainable damages. Accordingly,

the Supreme Court properly determined that the plaintiff failed to allege a cognizable cause of action to recover damages for legal malpractice (*see Simmons v Edelstein, supra; Menicucci Villa & Assoc., PLLC v Pickett*, 24 AD3d 734, 735 [2005]).

Furthermore, the Supreme Court correctly granted those branches of the defendant's motion which were to dismiss the second, third, fifth, and sixth causes of action, as they were merely duplicative of the legal malpractice cause of action (*see Town of N. Hempstead v Winston & Strawn, LLP*, 28 AD3d 746, 749 [2006], *lv denied* 7 NY3d 715 [2006]; *Shivers v Siegel*, 11 AD3d 447 [2004]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Spolzino, Fisher and Dillon, JJ., concur.