■ UTICA FIRST INSURANCE COMPANY, Appellant, v STAR-BRITE PAINTING & PAPERHANGING et al., Respondents, et al., Defendant. [828 NYS2d 488]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Star-Brite Painting & Paperhanging and Kenneth Doerler in an underlying action entitled *Cooper v Star-Brite Painting,* pending in the Supreme Court, Suffolk County, under index No. 7223/01, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated September 30, 2005, as denied that branch of its motion which was for a declaration that it was not obligated to defend or indemnify the defendants Star-Brite Painting & Paperhanging and Kenneth Doerler with respect to the second cause of action in the underlying action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for a declaration that it was not obligated to defend or indemnify the defendants Star-Brite Painting & Paperhanging and Kenneth Doerler with respect to the second cause of action in the underlying action is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Star-Brite Painting & Paperhanging and Kenneth Doerler in the underlying action entitled *Cooper v Star-Brite-Painting,* pending in the Supreme Court, Suffolk County, under index No. 7223/01.

The plaintiff insurer commenced this action for a judgment declaring that it was not obligated to defend or indemnify the defendant Star-Brite Painting & Paperhanging (hereinafter Star-Brite), its insured, and Kenneth Doerler, who was the president, sole owner, and sole employee of Star-Brite, in an underlying personal injury action, which seeks to recover damages for injuries allegedly incurred by the plaintiff therein in a motor vehicle accident allegedly involving a vehicle owned by Star-Brite and operated by Doerler. Star-Brite and Doerler do not contest the determination of the Supreme Court that the auto exclusion in the policy relieves the plaintiff insurer of any obligation with respect to the first and third causes of action. The only issue before us on appeal concerns the second cause of action, alleging negligence in hiring. We conclude that the exclusion applies.

The duty of an insurer to defend is broader than its duty to indemnify and arises whenever the allegations contained in the

complaint against the insured, liberally construed, potentially fall within the scope of the risks which the insurer has undertaken (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169 [1997]; *Deetjen v Nationwide Mut. Fire Ins. Co.*, 302 AD2d 350 [2003]). To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the burden of demonstrating that the allegations of the complaint in the underlying claim cast the pleadings wholly within that exclusion, that the exclusion is not subject to any other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer might be eventually obligated to indemnify its insured (*see Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]; *Physicians' Reciprocal Insurers v Loeb*, 291 AD2d 541 [2002]).

The operative facts giving rise to any recovery by the plaintiff in the underlying action are necessarily the motor vehicle accident and the allegedly negligent operation of the vehicle by Doerler while in an intoxicated condition. The inclusion of a negligent hiring cause of action "does not alter the fact that 'the operative act[s] giving rise to any recovery' " is the alleged negligent operation of a motor vehicle (*General Acc. Ins. Co. v 35 Jackson Ave. Corp.*, 258 AD2d 616, 617 [1999], quoting *Mattress Discounters of N.Y. v United States Fire Ins. Co.*, 251 AD2d 384, 385 [1998]; *see U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821 [1995]). The operative act giving rise to potential liability is thus excluded from coverage by the terms of the policy. Couching the claim in terms of negligent hiring cannot overcome the clear and unambiguous exclusion (*see Mattress Discounters of N.Y. v United States Fire Ins. Co., supra*). Mastro, J.P., Rivera, Spolzino and Florio, JJ., concur.