■ WALTER MOORMANN, Appellant, v PERINI & HOERGER, Respondent. [886 NYS2d 49]—

In an action, inter alia, to recover damages for legal malpractice and violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), entered June 11, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the fourth cause of action alleging violation of Judiciary Law § 487, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On October 30, 2002, the plaintiff was arrested on a charge of driving while intoxicated, and his vehicle was seized and later held for a felony forfeiture action. The plaintiff waived his right to be prosecuted by indictment and, on March 18, 2003, entered a plea of guilty to operating a motor vehicle while under the influence of alcohol as a felony. He admitted during the plea allocution that his blood alcohol content was .30 percent at the time of his arrest. Thereafter, the District Attorney of Nassau County commenced an action pursuant to CPLR article 13-A, seeking forfeiture of the plaintiff's vehicle. A default judgment was entered in favor of the District Attorney on July 2, 2003.

The plaintiff commenced this action against the defendant law firm, alleging that he believed that he had retained the defendant to represent him in both the criminal proceeding and the civil forfeiture action, that he was unaware of the default judgment against him, and that the defendant repeatedly told him that it was working to retrieve his vehicle from the County. In this regard, the defendant sent an affidavit to the plaintiff to sign in August 2004, allegedly related to the forfeiture action. The associate who sent the affidavit and the cover letter admitted, at his deposition, that he knew at the time that the default judgment had been entered and there was no possibility that the plaintiff could retrieve his vehicle, but he did not so inform

the plaintiff. Eventually, the plaintiff learned through other means that the default judgment had been entered and his vehicle had been auctioned.

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging legal malpractice. The defendant established that the plaintiff would be unable to prove that he would have been successful in the forfeiture action but for the alleged negligence (*see Simmons v Edelstein*, 32 AD3d 464, 465 [2006]; *Lichtenstein v Barenbaum*, 23 AD3d 440 [2005]; *Edwards v Haas, Greenstein, Samson, Cohen & Gerstein, P.C.*, 17 AD3d 517, 519 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact.

In addition, the defendant established, prima facie, its entitlement to judgment as a matter of law dismissing the cause of action alleging fraud, as that cause of action was not pleaded with the specificity required under CPLR 3016 (b) (*see Dumas v Fiorito*, 13 AD3d 332, 333 [2004]).

The court erred, however, in dismissing, as duplicative of the causes of action alleging legal malpractice, the cause of action alleging violation of Judiciary Law § 487. A violation of Judiciary Law § 487 requires an intent to deceive (*see* Judiciary Law § 487), whereas a legal malpractice claim is based on negligent conduct (*see Simmons v Edelstein*, 32 AD3d at 465; *Edwards v Haas, Greenstein, Samson, Cohen & Gerstein, P.C.*, 17 AD3d at 519). Furthermore, in opposition to the defendant's establishment, prima facie, of its entitlement to judgment as a matter of law as to this cause of action, the plaintiff raised a triable issue of fact as to whether the defendant intentionally deceived him (*cf. Izko Sportswear Co., Inc. v Flaum*, 25 AD3d 534, 537 [2006]; *Knecht v Tusa*, 15 AD3d 626, 627 [2005]). Spolzino, J.P., Angiolillo, Leventhal and Lott, JJ., concur.