■ BERNARD H. VOGEL et al., Appellants, v AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY et al., Respondents, et al., Defendant. [51 NYS3d 519]—

In an action, inter alia, to recover damages for breach of a legal malpractice insurance policy and for a judgment declaring that the plaintiffs are covered under that policy, (1) the defendant American Guarantee & Liability Insurance Company appeals from so much of an order of the Supreme Court, Nassau County (Bruno, J.), dated July 20, 2014, as denied those branches of its motion, made jointly with the defendant Zurich American Insurance Company, which were for summary judgment dismissing the first and second causes of action in the second amended complaint insofar as asserted against those defendants and thereupon searched the record and awarded the plaintiffs summary judgment on the first and second causes

of action in the second amended complaint insofar as asserted against those defendants, and (2) the defendants American Guarantee & Liability Insurance Company and Zurich American Insurance Company appeal from a judgment of the same court (Marber, J.) dated November 18, 2014, which, upon the order, is in favor of the plaintiffs and against them in the principal sum of $781,475.39. The plaintiffs cross-appeal, as limited by their brief, from (1) so much of the same order as granted that branch of the motion of the defendants American Guarantee & Liability Insurance Company and Zurich American Insurance Company which was for summary dismissing the third cause of action in the second amended complaint insofar as asserted against them, and (2) so much of the same judgment as failed to award them certain interest.

Ordered that the appeal and the cross appeal from the order are dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, so much of the order as searched the record and awarded the plaintiffs summary judgment on the first and second causes of action in the second amended complaint insofar as asserted against the defendants American Guarantee & Liability Insurance Company and Zurich American Insurance Company is vacated, and the subsequent amended judgment dated May 1, 2015, and order and resettled amended judgment (one paper) dated July 1, 2015, are vacated; and it is further,

Ordered that the cross appeal from the judgment is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the defendants American Guarantee & Liability Insurance Company and Zurich American Insurance Company.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

A policy of legal malpractice insurance was issued by the defendants American Guaranty & Liability Insurance Company and Zurich American Insurance Company (hereinafter together AG/Zurich) to the plaintiff law firm Seavey, Vogel, & Oziel, LLP (hereinafter SVO), in effect from December 5, 2005, to December 5, 2006. As relevant here, the policy contained a

provision stating that "Damages do not include . . . personal profit or advantage to which the Insured was not legally entitled . . . matters deemed uninsurable; legal fees, costs and expenses paid to or incurred or charged by the Insured, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, setoff or otherwise, and injuries that are a consequence of any of the foregoing." The policy also required the insured to provide immediate notification of a claim or a potential claim. The plaintiff attorney Bernard H. Vogel and former attorney Robert I. Oziel were partners and members of SVO.

Oziel had a professional and personal relationship with Melvyn Zwiebach and Judith Zwiebach. In 1991, Melvyn died and SVO, along with another firm, represented Judith, as the executor of his estate, in a wrongful death action, which was eventually settled for the amount of $2,010,000. By decree of the Surrogate's Court, Nassau County, dated November 18, 1999, funds were deposited into the escrow account maintained · by SVO for the purpose of distribution. Although Oziel disbursed certain funds to Melvyn's four heirs, a dispute arose over the balance of the settlement proceeds, namely $274,511.67, which remained in the escrow account. Oziel represented to the Zwiebachs that these funds were needed to pay estate taxes.

In 2004, Judith Zwiebach filed a complaint with the Grievance Committee for the Tenth Judicial District. In response, Oziel argued that the retained funds represented his unpaid legal fees for services he had performed for the Zwiebach family over the previous 20 years.

In March 2006, Judith Zwiebach and her three adult children commenced an action in the Supreme Court, New York County, against SVO and the individual members of the firm to recover damages for fraudulent representation in connection with the settlement documents, unlawful retention of the settlement proceeds, and breach of fiduciary duty (hereinafter the Zwiebach action). In April 2006, SVO notified its insurance carrier, AG/Zurich, of the Zwiebach action. In August 2006, AG/Zurich disclaimed coverage. In September 2010, a second amended complaint was served in the Zwiebach action, alleging a third cause of action sounding in negligence against Vogel, with regard to his supervision of SVO's escrow account. On December 22, 2010, AG/Zurich again disclaimed coverage.

In May 2012, Vogel and SVO (hereinafter together the plaintiffs) commenced this action against, among others, AG/Zurich, alleging three causes of action: (1) breach of the legal

malpractice insurance policy, (2) for a judgment declaring that AG/Zurich was obligated to defend Vogel, reimburse him for his legal fees, and indemnify him against any recovery, and (3) bad faith in denying insurance coverage.

Upon a second amended complaint, AG/Zurich moved in April 2014 for summary judgment dismissing the second amended complaint insofar as asserted against them. The Supreme Court denied AG/Zurich's motion with respect to the first two causes of action, granted it with respect to the third cause of action, and, thereupon searched the record and awarded summary judgment to the plaintiffs on the first two causes of action. We reverse insofar as appealed from.

To succeed on a cause of action alleging legal malpractice, the plaintiff must prove that (1) the defendant failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, (2) such negligence was the proximate cause of the actual damages sustained by the plaintiff, and (3) but for the defendant's negligence, the plaintiff would have been successful in the underlying action (*see Simmons v Edelstein*, 32 AD3d 464, 465 [2006]; *Edwards v Haas, Greenstein, Samson, Cohen & Gerstein, P.C.*, 17 AD3d 517, 519 [2005]; *J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 14 AD3d 482, 483 [2005]; *Zelenaya v Rosengarten*, 301 AD2d 519 [2003]). "To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements" (*Lichtenstein v Barenbaum*, 23 AD3d 440, 440 [2005]; *see Moormann v Perini & Hoerger*, 65 AD3d 1106, 1108 [2009]).

"An insurer has a duty to defend its insured where the allegations of the complaint in the underlying action on the known facts give rise to a reasonable possibility of coverage" (*Schnell v Lester*, 269 AD2d 520, 521 [2000]). "The duty to defend is not triggered, however, when, as a matter of law . . . there is no possible factual or legal basis upon which the insurer might eventually be held to be obligated to indemnify the claimant under any provision of the insurance policy; or when the only interpretation of the allegations against the insured is that the factual predicate for the claim falls wholly within a policy exclusion" (*Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d 897, 900-901 [2009] [internal quotation marks and citations omitted]).

"[A]n insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual

or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *see Cumberland Farms, Inc. v Tower Group, Inc.*, 137 AD3d 1068, 1070 [2016]). "To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint [in the underlying action] cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]; *see 492 Kings Realty, LLC v 506 Kings, LLC*, 88 AD3d 941, 943 [2011]; *Exeter Bldg. Corp. v Scottsdale Ins. Co.*, 79 AD3d 927, 929 [2010]).

The language of the policy determines the coverage (*see Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347 [1996]; *Certain Underwriters at Lloyd's London Subscribing to Policy No. SYN-1000263 v Lacher & Lovell-Taylor, P.C.*, 112 AD3d 434, 434-435 [2013]; *Utica First Ins. Co. v Star-Brite Painting & Paperhanging*, 36 AD3d 794, 795-796 [2007]; *Shapiro v OneBeacon Ins. Co.*, 34 AD3d 259 [2006]).

Here, in moving for summary judgment, AG/Zurich did not eliminate all triable issues of fact relating to the issue of its duty to defend or indemnify the plaintiffs in the underlying action (*see Cumberland Farms, Inc. v Tower Group, Inc.*, 137 AD3d at 1071; *Soho Plaza Corp. v Birnbaum*, 108 AD3d 518, 522 [2013]; *Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d at 901). Since AG/Zurich failed to meet its burden as movant, it is not necessary to review the sufficiency of the plaintiffs' opposition papers. Accordingly, the Supreme Court properly denied AG/Zurich's motion for summary judgment dismissing the first and second causes of action in the second amended complaint.

However, there are triable issues of fact relating to Vogel's alleged negligent supervision of the escrow account, and the application of the policy provisions to the circumstances, such that it was not established as a matter of law that the allegations in the complaint require AG/Zurich to defend and indemnity the plaintiffs (*see Soho Plaza Corp. v Birnbaum*, 108 AD3d at 522; *Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d at 901). Accordingly, the Supreme Court erred in searching the record and awarding summary judgment to the plaintiffs on the first and second causes of action.

The plaintiffs' remaining contentions either are without

merit or have been rendered academic. Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.