Bodlovic v Giannoutsos (2020 NY Slip Op 07851)





Bodlovic v Giannoutsos


2020 NY Slip Op 07851


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-08917
 (Index No. 700868/18)

[*1]Miodrag Bodlovic, et al., plaintiffs,
v
Frank Giannoutsos, et al., defendants second third-party plaintiffs-respondents; United States Liability Insurance Company, second third-party defendant-appellant (and a third-party action).


Miranda Slone Sklarin Verveniotis, LLP, Mineola, NY (Steven Verveniotis and Taimur Alamgir of counsel), for second third-party defendant-appellant.
The Di Pippo Law Group, LLC, Garden City, NY (Robert E. Gebhard of counsel), for defendants second third-party plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the second third-party defendant, United States Liability Insurance Company, appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered July 11, 2019. The order denied that branch of the second third-party defendant's motion which was for summary judgment declaring that it is not obligated to defend or indemnify the defendants second third-party plaintiffs in the main action.
ORDERED that the order is affirmed, with costs.
The plaintiff Miodrag Bodlovic allegedly was injured while working for Dzidzi & Son, LLC, doing business as Gigi Salon & Spa (hereinafter Gigi Salon), when a motorized rollup gate malfunctioned and struck him. Gigi Salon leased the subject premises from the defendants Frank Giannoutsos, Paraskevi Giannoutsos, and Vasiliki Giannoutsos (hereinafter collectively the defendants). Bodlovic and his wife commenced this action against the defendants alleging, inter alia, that the defendants had actual or constructive notice of the dangerous condition of the gate.
At the time of the accident, Gigi Salon was covered by a commercial general liability policy issued by United States Liability Insurance Company (hereinafter USLIC), which named the defendants as additional insureds. The defendants commenced a third-party action against Gigi Salon seeking indemnification and contribution, and a second third-party action against USLIC seeking a declaration that USLIC was obligated to defend and indemnify them in the main action, as they were entitled to coverage under Gigi Salon's policy.
USLIC moved (1) for summary judgment declaring that it is not obligated to defend or indemnify the defendants in the main action, arguing that its policy excludes coverage pursuant to a bodily injury exclusion contained in an endorsement to the policy; or (2), in the alternative, for severance of the second third-party action. In opposition, the defendants argued, inter alia, that they were entitled to coverage pursuant to an exception to the exclusion for liability assumed by Gigi [*2]Salon under an "insured contract," which in this case was the parties' lease. The Supreme Court denied that branch of USLIC's motion which was for summary judgment. USLIC appeals, and we affirm.
Exclusions to coverage are strictly construed and read narrowly, with any ambiguity construed against the insurer (see Century Sur. Co. v All In One Roofing, LLC, 154 AD3d 803). "To negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case" (Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652). The insurer has the burden of demonstrating that the allegations place the claim solely and entirely within the policy exclusion, and that the allegations are subject to no other interpretation (see Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 73-74). There must be no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision (see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175; Vogel v American Guar. & Liab. Ins. Co., 148 AD3d 1206).
The endorsement to the policy upon which USLIC relies, BP 500 NY (08-12), excludes coverage for bodily injury to, among others, an employee performing duties related to the conduct of the insured's business. This exclusion is intended to avoid duplication of coverage for injuries to an insured's employee that would be covered by a Workers' Compensation policy (see 1 New Appleman New York Insurance Law § 15.06[10] [2d ed 2020]). However, the foregoing endorsement contains an exception to the exclusion, which provides: "[T]his exclusion does not apply to liability assumed by the insured under an 'insured contract.'" The policy defines "insured contract" to include, among other types of contracts, "[a] contract for a lease of premises." The subject lease required Gigi Salon to procure general liability insurance in favor of the defendants and to defend and indemnify them for bodily injury claims. Accordingly, the subject lease was an "insured contract" within the meaning of the policy, USLIC failed to establish, prima facie, that the defendants are not entitled to coverage (see AAC Contr. v United Coastal Ins. Co., 193 AD2d 1085, 1086; see also Majawalla v Utica First Ins. Co., 71 AD3d 958, 960; cf. Monteleone v Crow Constr. Co., 242 AD2d 135, 141), and that branch of USLIC's motion which was for summary judgment was properly denied without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
USLIC's contention regarding the branch of its motion which was to sever the second third-party action is not properly before us, as that branch of the motion remains pending and undecided (see Katz v Katz, 68 AD2d 536).
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court