■ APACHE FOAM PRODUCTS DIVISION OF MILLMASTER ONYX GROUP OF KEWANEE INDUSTRIES, INC., Appellant, v CONTINENTAL INSURANCE COMPANY, Respondent.—Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: In 1978, plaintiff manufactured urethane roof insulation that was sold by the Koppers Company to a contractor and used in the installation of roofs on several buildings at Cornell University. Escaping gases from the insulation caused a blistering effect which damaged the vapor barriers and roof membranes, necessitating repairs. The university brought an action against the contractor and Koppers, who in turn sued plaintiff for contribution and indemnity. Plaintiff gave notice of the claims to defendant, who had issued a policy of comprehensive general liability insurance to plaintiff. Defendant refused to defend, disclaiming coverage on the ground that liability for damage arising from a defect in plaintiff's product was excluded from coverage. Plaintiff informed defendant of all developments in the action, including a settlement which obligated plaintiff to pay $100,000 and Koppers to pay $35,000. Plaintiff then instituted this action for a judgment declaring that the policy did not exclude damages reflected by the settlement and that defendant had a duty to defend and was obligated for the litigation costs of both lawsuits. Each party moved for summary judgment, and Special Term granted defendant's motion, concluding that claims for property damage to plaintiff's product and to the work performed by others in constructing the roof were excluded from coverage under the policy.

We agree that the portion of the settlement which included damage to plaintiff's own product was excluded from coverage by exclusion (n) of the policy, precluding coverage for damage "to the named insured's products arising out of such products or any part of such products." We conclude, however, that Special Term erred in finding that exclusion (n) and policy endorsement 9 precluded coverage for property damage to the remaining portions of the roofs, involving work performed by parties other than the named insured. Exclusion (n) applied only to the insured's products and not to work performed by others (*Adler & Neilson Co. v Insurance Co. of N. Am.*, 56 NY2d 540; *see also, Sturges Mfg. Co. v Utica Mut. Ins. Co.*, 37 NY2d 69). Endorsement 9 excluded, *inter alia*, coverage for damage claimed for the failure of the insured's products to comply "with any warranties of fitness or use for the purpose

intended". The contribution claim asserted by the contractor does not allege any particular theory of liability. The Koppers complaint seeks contribution based upon negligence, breach of warranty and strict liability, and also seeks indemnity based upon an agreement with plaintiff containing an express warranty as to the quality of its product and expressly excluding any warranty of fitness. Since the pleadings base liability upon theories outside the scope of endorsement 9 and defendant has failed to demonstrate as a matter of law that there is no possible factual or legal basis on which it could be obligated to indemnify its insured, plaintiff is entitled to a declaration that defendant had a duty to defend (*Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 424; *Sturges Mfg. Co. v Utica Mut. Ins. Co., supra,* at 74).

The existence of a duty to defend, however, is not synonymous with a duty to indemnify; "[t]he duty to defend is measured against the allegations of pleadings but the duty to pay is determined by the actual basis for the insured's liability to a third person" (*Servidone Constr. Corp. v Security Ins. Co., supra,* at 424). This issue has not been adjudicated and thus, summary judgment on the issue of duty to indemnify should have been denied (*Servidone Constr. Corp. v Security Ins. Co., supra,* at 424-425).

Accordingly, we affirm the judgment insofar as it grants defendant's motion upon the ground that damage to plaintiff's own product was excluded from coverage. Defendant's motion for summary judgment on the issue of a duty to indemnify for damage to the portions of the roofs not constituting plaintiff's product must be denied and the matter remitted for a plenary trial, at which the burden rests with defendant to show that the loss falls entirely within policy endorsement 9 (*see, Servidone Constr. Corp. v Security Ins. Co., supra,* at 425). We also remit for a determination of the legal fees and expenses owed plaintiff. Finally, plaintiff's cross motion is granted to the extent that plaintiff is entitled to a judgment declaring that defendant has a duty to defend. (Appeal from judgment of Supreme Court, Onondaga County, Hayes, J.—declaratory judgment.) Present—Doerr, J. P., Green, Pine, Balio and Lawton, JJ.