■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-BURGH, PENNSYLVANIA, Respondent-Appellant, v TOWN OF HUNTINGTON et al., Appellants-Respondents. [627 NYS2d 698] — In an action for a judgment declaring the rights and duties of the parties with respect to a liability insurance policy, (1) the defendants appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated August 10, 1993, which, *inter alia,* declared that the plaintiff had no duty to defend or indemnify the defendants under the liability insurance policy, and (2) the plaintiff cross-appeals from so much of the same order as failed to address whether it had been relieved of any insurance coverage obligation to the defendants pursuant to an exclusion in the liability insurance policy.

Ordered that the cross appeal is dismissed, as the plaintiff is not aggrieved by that portion of the order cross-appealed from *(see,* CPLR 5511; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent-appellant is awarded one bill of costs.

Pursuant to the liability insurance policy in question, the plaintiff would "not be liable to make any payment of loss in connection with any claim * * * [s]eeking the return of any profit, advantage, gain or remuneration to which the [i]nsureds were not legally entitled". We agree with the Supreme Court that the exclusion in question covered the school districts' demands for interest on the improperly withheld tax monies *(see, Town of Smithtown v National Union Fire Ins. Co.,* 215 AD2d 552 [decided herewith]). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.