■ BAKER RESIDENTIAL LIMITED PARTNERSHIP et al., Appellants, v TRAVELERS INSURANCE COMPANY, Respondent. [782 NYS2d 249]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered March 9, 2004, which, upon the parties' respective motions for summary judgment, declared that defendant insurer is not obligated to defend and indemnify plaintiff real estate developers in an underlying action brought by a residential condominium association arising out of plaintiffs' development of a condominium, unanimously affirmed, with costs.

The subject commercial general liability policies cover "bodily injury" or "property damage" caused by an "occurrence," the latter defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions which resulted in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Insofar as pertinent, the underlying action alleges that plaintiffs delivered and installed defective structural beams that have de-

teriorated from water penetration due to improper installation, flashing and waterproofing. The motion court, aptly characterizing the underlying action as "a classic faulty workmanship/construction contract dispute," correctly held that the damages sought therein did not arise from an "occurrence" resulting in damage to property distinct from plaintiffs' own work product, as contemplated by the policy (*see Fuller Co. v United States Fid. & Guar. Co.*, 200 AD2d 255 [1994], *lv denied* 84 NY2d 806 [1994]; *Pavarini Constr. Co. v Continental Ins. Co.*, 304 AD2d 501 [2003]). We have considered plaintiffs' other arguments and find them unavailing. Concur—Nardelli, J.P., Andrias, Ellerin, Gonzalez and Catterson, JJ.