██ CAROLE MUELLER, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent, et al., Defendants. [801 NYS2d 350]—

In an action for a judgment declaring that the defendant Allstate Insurance Company is obligated to defend and indemnify the defendants Everett Robinson, Shirley Robinson, and Jamar Robinson in an underlying personal injury action entitled *Mueller v Robinson*, pending in the Supreme Court, Suffolk County, under index No. 4066/00, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Oliver, J.), entered June 28, 2004, which, upon the denial of her motion for summary judgment and the granting of the cross motion of the defendant Allstate Insurance Company for summary judgment, declared that Allstate Insurance Company was not obligated to defend

and indemnify the defendants Everett Robinson, Shirley Robinson, and Jamar Robinson in the underlying personal injury action.

Ordered that the judgment is affirmed, with one bill of costs payable by the appellant to Allstate Insurance Company.

The plaintiff was injured in an accident while a passenger on an all terrain vehicle (hereinafter ATV) owned by the defendants Everett Robinson and Shirley Robinson, and operated by their son, the defendant Jamar Robinson, who resided with them. It is undisputed that the accident occurred on a field approximately one-half mile from the premises owned by Everett Robinson and Shirley Robinson.

The plaintiff commenced an action against the Robinsons to recover damages for the personal injuries she sustained (hereinafter the underlying action). The Robinsons sought a defense and indemnification in the underlying action from Allstate Insurance Company (hereinafter Allstate) under their homeowner's insurance policy. Allstate disclaimed coverage, and the plaintiff thereafter commenced this action against Allstate and the Robinsons for a judgment declaring that Allstate was obligated to defend and indemnify the Robinsons in the underlying action.

The Supreme Court held that Allstate was not obligated to defend and indemnify the Robinsons in the underlying action, based on the following provision in the homeowner's insurance policy:

"We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. However this exclusion does not apply to . . .

"b) any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an insured person and is being used away from an insured premises."

The plaintiff and the Robinsons argue that this exclusion for motor vehicles designed principally for recreational use off public roads where the vehicle is owned by the insured and used off the insured premises does not apply to an ATV, which is not a "motor vehicle" as defined by Vehicle and Traffic Law § 125. We agree with Allstate, however, that the policy exclusion is intended to apply to an ATV that is owned by the insured and operated off the insured's premises. Vehicle and Traffic Law § 2281 defines an ATV as "any self-propelled vehicle which is manufactured for sale for operation primarily on off-highway trails or off-highway competitions and only incidentally oper-

ated on public highways." A plain reading of the policy provision, therefore, leads to the conclusion that an ATV is a "motor vehicle designed principally for recreational use off public roads" (see *Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470 [2003] [unambiguous policy provision must be accorded its plain and ordinary meaning]).

Moreover, we agree with the Supreme Court's conclusion that the policy exclusion for recreational use vehicles, including ATVs, which are owned by the insured and used off the insured's premises, is consistent with Vehicle and Traffic Law § 2407 (1), which requires an ATV to be insured if it is "operated anywhere in this state other than on the lands of the owner." Crane, J.P., S. Miller, Luciano and Lifson, JJ., concur.