■ STATE OF NEW YORK, Plaintiff, v MARGARET E. DENNIN et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [834 NYS2d 348]—

Mugglin, J. Appeal from an order of the Supreme Court (Teresi, J.), entered June 6, 2006 in Albany County, which, inter alia, granted a motion by third-party defendant Michigan Millers Mutual Insurance Company for summary judgment dismissing the third-party complaint against it.

In a prior decision in which the facts are fully set forth (17 AD3d 744 [2005], lv dismissed 5 NY3d 824 [2005]), we determined that defendant Frederick S. Dennin (hereinafter defendant), as the owner of record of real estate in the Town of St. Armand, Essex County, on which a convenience store and gasoline station were located, retained sufficient control over the use of the premises through the terms of a land contract—by which he was selling the property—to impose liability on him for cleanup costs following a petroleum spill. Defendant and his daughter-in-law, defendant Margaret E. Dennin, commenced a third-party action against Michigan Millers Mutual Insurance Company, among others, seeking indemnification for any judg-

ment awarded to plaintiff in the underlying action. Their claims are made pursuant to two policies issued by Michigan—a homeowner's policy for defendant's personal residence in the Village of Lake Placid, Essex County, and a personal umbrella liability policy which provides excess coverage above amounts payable under the homeowner's policy and defendant's automobile policy. Michigan disclaimed coverage for several reasons, including (1) the convenience store/gas station was not an insured premises under either policy, (2) the policies neither afforded coverage for business pursuits nor for premises rented to others, (3) the policies excluded liability for damages caused by pollutants and (4) defendant failed to give Michigan timely notice of the discharge and failed to timely turn over the papers in the lawsuit. Supreme Court, persuaded by Michigan's arguments, granted summary judgment dismissing the third-party complaint against Michigan, prompting this appeal.

Michigan's policy excludes from its personal liability coverage bodily injury or property damages "[a]rising out of a premises [o]wned by an 'insured' that is not an 'insured location.' " Exclusions are subject to strict, narrow interpretation, and an insurer must demonstrate that the allegations of the pleading fall solely and entirely within the policy exclusion and are subject to no other interpretation (see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]). Despite our previous decision, defendant continues to argue that he is not the "owner" of the convenience store/gas station. Although the policy does not define "owned," giving the word its ordinary meaning (see United Food Serv. v Fidelity & Cas. Co. of N.Y., 189 AD2d 74, 78 [1993]) results in no other conclusion than that defendant was the owner of the convenience store/gas station. Moreover, the convenience store/gas station does not fall within any of the eight definitions of the "insured location" in defendant's policy. The declarations page of his homeowner's policy lists only his residence at 90 Victor Herbert Road in Lake Placid as an "insured location." Defendant never advised Michigan that he had purchased the convenience store/gas station nor did he pay an additional premium for coverage of it. Also significant is that the contract vendee obtained her own insurance policy from Hartford Fire Insurance Company covering this property. Accordingly, Supreme Court appropriately found that this policy provided no coverage.

Defendant's personal umbrella liability policy, contrary to his contention, as herein relevant, only provides excess coverage over and above the limits of an underlying policy. As the underlying policy provides no coverage, coverage under the

umbrella policy is not triggered. Moreover, the umbrella policy contains an express exclusion for damages to property on which a business is conducted. In view of these conclusions, Michigan's other arguments concerning exclusionary provisions and lack of timely notice are academic (*see Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 471 [2005]; *Zandri Constr. Co. v Firemen's Ins. Co. of Newark*, 81 AD2d 106, 109 [1981], *affd* 54 NY2d 999 [1981]).

Mercure, J.P., Peters and Kane, JJ., concur. Ordered that the order is affirmed, with costs.