[875 NE2d 881, 844 NYS2d 163]

HILARY GUISHARD et al., Respondents, v GENERAL SECURITY INSURANCE COMPANY, Appellant.

Decided September 11, 2007

### APPEARANCES OF COUNSEL

*Melito & Adolfsen P.C.*, New York City (*S. Dwight Stephens* of counsel), for appellant.

*Tartamella, Tartamella & Fresolone*, Hauppauge (*Natale J. Tartamella* of counsel), for respondents.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Plaintiffs seek a judgment declaring that defendant General Security Insurance Company is obligated under the terms of a commercial general liability policy to defend and indemnify them in a pending personal injury action. In the underlying lawsuit, the plaintiff alleges that he severely injured his eye while riveting metal to a van for the purpose of converting it into a "Mr. Softee" ice cream truck. Plaintiffs owned the van.

The policy excludes coverage for bodily injury "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured." General Security moved for summary judgment declaring that it was not obligated to defend or indemnify plaintiffs because the conversion work performed by the injured party constituted "maintenance." Plaintiffs cross-moved for summary judgment, arguing contrariwise.

Without written opinion, Supreme Court denied General Security's motion and granted plaintiffs' cross motion for summary judgment, and judgment was entered declaring that General Security was obligated to defend and indemnify plaintiffs. Upon appeal, the Appellate Division affirmed, reasoning that because General Security had not submitted the policy schedule defining the term "auto," it had not demonstrated that the van fell within the relied-upon policy exclusion.

We affirm, but for a different reason. The work performed by the injured plaintiff did not constitute "maintenance" of an auto. "Maintenance," as that term is used in an insurance policy, means performance of work on "an intrinsic part of the mechanism of the car and its overall function" (*Farmers Fire Ins. Co. v Kingsbury*, 105 AD2d 519, 520 [3d Dept 1984] [removing tire from rim constitutes maintenance] [citation omitted], *lv denied* 64 NY2d 607 [1985]; *see Pennsylvania Millers Mut. Ins. Co. v Manco*, 63 NY2d 940, 942 [1984] [changing a tire constitutes maintenance]). Riveting metal to a van in furtherance of its conversion to an ice cream truck aids in transforming the auto's function, an activity distinct from "maintenance."

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, with costs, in a memorandum.