J. Lucarelli & Sons, Inc., Appellant, v Mountain Valley Indemnity Company, Respondent. [881 NYS2d 708]—

Garry, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered July 16, 2008 in Saratoga County, which, among other things, denied plaintiff's motion for summary judgment.

Plaintiff, an excavation contractor, commenced this action against defendant, its commercial general liability insurer, seeking a judgment declaring that defendant is obligated under its policy to defend or indemnify plaintiff in two underlying actions in which plaintiff was named as a third- and fourth-party defen-

dant. Plaintiff moved and defendant cross-moved for summary judgment. Supreme Court denied plaintiff's motion and granted defendant's cross motion. Plaintiff appeals.

The primary underlying actions were filed by homeowners against Camelot Associates Corporation, a builder of single-family homes. The homeowners alleged that Camelot breached the housing merchant warranty by constructing their homes at an insufficient elevation in relation to the seasonal high groundwater elevation at their plots, resulting in wet basements, mold and fungus, and other damages related to dampness. They sought damages for lost property values, moving expenses, and the cost of tests and inspections. Camelot commenced third-party actions against plaintiff, as well as an engineer and another contractor involved with the project, seeking contribution and indemnification based on theories of negligence, breach of contract, and breach of warranty. The engineer commenced a "fourth-party action" against plaintiff seeking indemnification and contribution for negligence. Defendant disclaimed coverage upon receiving notice of the third-party action. Defendant did not disclaim coverage of the fourth-party action, but did not undertake plaintiff's defense.

Supreme Court held that the event for which plaintiff seeks coverage was an "occurrence" within the meaning of the policy, but that the policy provided no coverage because the homeowners' claims in the underlying actions fell squarely within the policy's work-product exclusion. Defendant's policy expressly excludes damage to "[t]hat particular part of real property on which you . . . are performing operations, if the 'property damage' arises out of those operations; or . . . [t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." The policy defines "your work," in pertinent part, as "[w]ork or operations performed by you or on your behalf," including "[w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work.' "

The causes of action for breach of contract and breach of warranty in the third- and fourth-party complaints in the underlying actions arise out of excavation work allegedly performed by plaintiff in connection with the building of the homes and seek damages for plaintiff's faulty workmanship; they therefore fall within the policy exclusion. The " 'purpose of a commercial general liability policy . . . is to provide coverage for tort liability for physical damage to others and not for contractual liability of the insured for economic loss because the product . . . is not what the damaged [party] bargained for' " (*Bonded Concrete,*

*Inc. v Transcontinental Ins. Co.*, 12 AD3d 761, 762 [2004], quoting *Hartford Acc. & Indem. Co. v Reale & Sons*, 228 AD2d 935, 936 [1996]).

Plaintiff asserts that defendant must nonetheless provide it with a defense because the complaints include tort causes of action for negligence in addition to the contractual claims. The duty to defend is broader than the duty to indemnify (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 40 AD3d 1177, 1180 [2007]). Though a claim may ultimately prove to be meritless and the insurer may not be required to indemnify its insured, the insurer must defend "whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage' " (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d at 137, quoting *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648 [1993]; *accord Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 40 AD3d at 1180). An insurer need not provide a defense, however, when it demonstrates that the complaint's allegations " 'cast that pleading solely and entirely within the policy exclusions, and, further, that . . . the allegations, *in toto*, are subject to no other interpretation' " (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d at 137, quoting *Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 159 [1992]; *see State of New York v Dennin*, 39 AD3d 925, 926 [2007]).

The nature of claims asserted in a complaint is to be determined "based upon the facts alleged 'and not the conclusions which the pleader draws therefrom' " or upon the characterization applied to a claim by a party (*Curtis v Nutmeg Ins. Co.*, 204 AD2d 833, 834 [1994], *lv dismissed* 84 NY2d 1027 [1995], quoting *County of Columbia v Continental Ins. Co.*, 189 AD2d 391, 394 [1993], *lv denied* 82 NY2d 841 [1993]). The original complaints in the underlying actions state claims only for breach of the housing merchant warranty, and neither the original complaints nor the third- and fourth-party complaints state facts other than those giving rise to the contractual claims or allege that any legal duty independent of the housing warranty exists or was violated. The causes of action denominated as negligence therefore arise out of contract, not out of tort (*see Lantzy v Advantage Bldrs., Inc.*, 60 AD3d 1254, 1255-1256 [2009]; *Fort Ann Cent. School Dist. v Hogan*, 206 AD2d 723, 724-725 [1994]). Like the contractual claims, the negligence causes of action are based on faulty workmanship and fall "solely and entirely" within the policy's exclusion (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d at 137). Commercial general liability policies like the one involved here were "never

intended to provide indemnification to contractors from claims that their work product was defective" (*Bonded Concrete, Inc. v Transcontinental Ins. Co.*, 12 AD3d at 762). Defendant is not obliged to provide plaintiff with a defense.

Finally, plaintiff asserts that defendant is estopped from denying it a defense due to its failure to disclaim coverage of the fourth-party action. This argument relies, however, on Insurance Law § 3420 (d), which by its terms is limited to disclaimers for "death or bodily injury" and is therefore inapplicable. Further, the conclusion that defendant has no duty to defend plaintiff renders the argument academic. " '[R]equiring payment of a claim upon failure to timely disclaim would create coverage where it never existed' " (*Bonded Concrete, Inc. v Transcontinental Ins. Co.*, 12 AD3d at 763, quoting *Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]).

Cardona, P.J., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.