SULLIVAN, Justice,
dissenting.
My review of the authorities convinces me that an "occurrence" under a CGL policy in the context of these cases is accidental damage caused by an insured (or an insured's subcontractors) to property owned by third parties, but not the costs of repairing defective work performed by an insured (or an insured's subcontractors).
To draw from the hypothetical that the Court deploys, it would be an "occurrence" under a CGL policy when a roof shingle that had been negligently installed by an insured's subcontractor falls and injures a passerby or breaks a window in a passing car. Why? Because it is an "accident" that causes "bodily injury" or "property damage." But the costs of repairing the defective shingle installation and resulting damage to the roof is not an occurrence. Such defective workmanship or failure to perform according to the terms of a construction contract is not an accident. To the extent that person wishes to insure against damages from defective workmanship, a performance bond and not a CGL policy provides such protection. A new case from New York makes this clear:
A surety's performance bond and an insurer's commercial general liability policy provide two different scopes of coverage. A performance surety is to be held liable, upon the default of its principal, for the costs of completing the Contract or conforming the principal's defective work to the terms of the Contract, whereas the general liability insurer is liable for accidental damage caused by the insured to property owned by third parties (see J.Z.G. Res., Inc. v. King, 987 F.2d 98, 103 (2d Cir.1993); Transp. Ins. Co. v. AARK Constr. *173 Group Ltd., 526 F.Supp.2d 350, 356 (E.D.N.Y.2007); Bonded Concrete, Inc. v. Transcon. Ins. Co., 12 A.D.3d 761, 784 N.Y.S.2d 212 (2004); Parkset Plumbing & Heating Corp. v. Reliance Ins. Co., 87 A.D.2d 646, 448 N.Y.S.2d 789 (1982)).
400 15th St., LLC v. Promo-Pro, Ltd., 2010 WL 3529466 at *9, 2010 N.Y. Misc. LEXIS 4839 at **27-28 (N.Y.Sup.Ct. Sept. 10, 2010). Each of the cases cited squarely stands for this limitation on CGL coverage, as does Auto-Owners Ins. Co. v. Home Pride Cos., Inc., 268 Neb. 528, 684 N.W.2d 571, 578 (2004), where the court said "although a standard CGL policy does not provide coverage for faulty workmanship that damages only the resulting work product, if faulty workmanship causes bodily injury or property damage to something other than the insured's work product, an unintended and unexpected event has occurred, and coverage exists."
I respectfully dissent.
SHEPARD, C.J., joins.