■ EXETER BUILDING CORP. et al., Respondents, v SCOTTSDALE INSURANCE COMPANY, Appellant. [913 NYS2d 733]—

In an action for a judgment declaring, inter alia, that pursuant to several insurance policies issued by the defendant to the plaintiff Exeter Building Corp., the defendant is obligated to defend and indemnify Exeter Building Corp. in an underlying action entitled *Board of Directors of Maidstone Landing Home Owners Assn., Inc. v Maidstone Landing, LLC*, pending in the Supreme Court, New York County, under index No. 600438/07, the defendant appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered November 19, 2009, which denied that branch of its motion which was for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff Exeter Building Corp. in the underlying action.

Ordered that the order is reversed, on the law, with costs, that branch of the defendant's motion which was for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff Exeter Building Corp. in the underlying action is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings, and the entry thereafter of a judgment which shall include a declaration that the defendant is not obligated to defend or indemnify the plaintiff Exeter Building Corp. in the underlying action entitled *Board of Directors of Maidstone Landing Home Owners Assn., Inc. v Maidstone Landing, LLC*, pending in the Supreme Court, New York County, under index No. 600438/07.

The plaintiff Exeter Building Corp. (hereinafter Exeter) was the general contractor for two residential condominium developments located in Riverhead. The defendant Scottsdale Insurance Company (hereinafter Scottsdale), issued several com-

mercial general liability (hereinafter CGL) insurance policies to Exeter before the commencement of the underlying action. It is undisputed, however, that Scottsdale's CGL policies expressly excluded damage to, inter alia, "[t]hat particular part of real property on which you . . . are performing operations, if the 'property damage' arises out of those operations; or . . . [t]hat particular part of any property that must be restored, repaired, or replaced because 'your work' was incorrectly performed on it." The policies defined "your work," in relevant part, as "[w]ork or operations performed by you or on your behalf," including "[w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work.'"

On or about July 31, 2007, the underlying action was commenced against, among others, Exeter, alleging, in pertinent part, "substantial defects in the design and construction" of the condominiums. Sometime thereafter in 2007, Scottsdale hired the plaintiff law firm, Rosenberg Fortuna & Laitman, LLP (hereinafter the Rosenberg Firm), to defend Exeter.

Approximately 14 months after agreeing "to provide [Exeter] with a defense," subject to a reservation of rights, Scottsdale disclaimed coverage on several grounds. One of the grounds was that the underlying policies did not apply to, nor was there a duty to defend against, allegations of construction defects arising from the work product of Exeter and/or the subcontractors working on behalf of Exeter. Exeter and the Rosenberg Firm brought this action for a judgment declaring, inter alia, that Scottsdale was obligated to defend and indemnify Exeter in the underlying action, that Scottsdale was obligated to pay the plaintiffs' reasonable attorneys' fees in the underlying action, and that Scottsdale breached its duty of good faith and fair dealing owed to the plaintiffs. Scottsdale moved, among other things, for summary judgment, contending that the property damage alleged was excluded under the CGL policies. In the order appealed from, the Supreme Court addressed only that branch of Scottsdale's motion which was for summary judgment and denied that branch of the motion. We reverse.

An insurer's duty to defend its insured is broader than its duty to indemnify (*see Nationwide Insulation & Sales, Inc. v Nova Cas. Co.*, 74 AD3d 1297 [2010]; *Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]), and such duty "is triggered whenever the allegations in a complaint, liberally construed, suggest a reasonable possibility of coverage, or when the insurer has actual knowledge of facts establishing such a reasonable possibility" (*City of New York v Insurance Corp. of*

*N.Y.*, 305 AD2d 443, 443 [2003]). However, "[t]o be relieved of [this] duty to defend on the basis of a policy exclusion, the insurer bears the burden of demonstrating that the allegations of the complaint in the underlying claim cast the pleadings wholly within that exclusion, that the exclusion is not subject to any other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer might be eventually obligated to indemnify its insured" (*Utica First Ins. Co. v Star-Brite Painting & Paperhanging*, 36 AD3d 794, 796 [2007]). "The nature of [the] claims asserted in [the] complaint [are] to be determined based upon the facts alleged and not the conclusions which the pleader draws therefrom or upon the characterization applied to a claim by a party" (*J. Lucarelli & Sons, Inc. v Mountain Val. Indem. Co.*, 64 AD3d 856, 858 [2009] [internal quotation marks and citations omitted]).

Insofar as pertinent, the complaint in the underlying action alleges that Exeter was responsible for various substantial interior and exterior construction defects. Specifically, the allegations principally arise out of construction work allegedly performed by Exeter or subcontractors hired by Exeter in connection with the building of condominiums and seek damages for faulty workmanship. CGL policies like the one in this case are not intended to provide indemnification to contractors for claims that their work product is defective (*see J. Lucarelli & Sons, Inc. v Mountain Val. Indem. Co.*, 64 AD3d 856 [2009]; *Baker Residential Ltd. Partnership v Travelers Ins. Co.*, 10 AD3d 586 [2004]). Thus, because the complaint seeks relief for conduct that falls solely and exclusively under the work product exclusions of the CGL policies, and the damages sought therein do not arise from an occurrence resulting in damage to property distinct from the work product of Exeter or its hired subcontractors, Scottsdale is not obligated to provide Exeter with a defense or to indemnify it in the underlying action.

Lastly, because the Supreme Court did not decide that branch of Scottsdale's motion which was to direct a hearing on the issue of whether it had sufficiently compensated the Rosenberg Firm for its services to Exeter "during the defense under a reservation of right," that part of Scottsdale's motion remains pending and undecided. Accordingly, arguments with respect to that issue are not properly before this Court (*see Katz v Katz*, 68 AD2d 536 [1979]). Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for a determination of that part of the complaint which seeks remuneration for past attorneys' fees, and the entry thereafter of a judgment which shall include a declaration that

Scottsdale is not obligated to provide Exeter with a defense or to indemnify it in the aforementioned underlying action. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.