■ SHOREHAM-WADING RIVER CENTRAL SCHOOL DISTRICT, Respondent, v MARYLAND CASUALTY COMPANY, Appellant. [944 NYS2d 223]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify Shoreham-Wading River Central School District in an underlying action entitled *Lawlor Consultants, Ltd. v Shoreham-Wading Riv. Cent. School Dist.*, pending in the Supreme Court, Suffolk County, under index No. 16191/05, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated December 6, 2010, which granted the plaintiff's motion for summary judgment declaring that it is so obligated, directing it to resume paying the reasonable costs of the plaintiff's defense, and dismissing its counterclaim to recover the costs it had incurred in defending the underlying action, and denied its cross motion for summary judgment on its counterclaim to recover the costs it had incurred in defending the underlying action, and, in effect, declaring that it was not obligated to defend and indemnify the plaintiff in the underlying action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendant is obligated to defend and indemnify the plaintiff in the underlying action.

In the action underlying the instant matter, the plaintiff school district (hereinafter the district) is alleged to have breached and anticipatorily repudiated a contract with a consultant pursuant to which the consultant was obligated to provide services to obtain additional state aid for the district in exchange for a payment of a percentage of the state aid ultimately received by the district for the years covered by the contract. The complaint in the underlying action seeks to recover damages "calculated on the basis of 10% of all additional state aid already received or to be received in the future" by the district for the years covered by the contract, subject to a contractual cap. The district tendered a request for a defense of the underlying action to the defendant pursuant to a liability insurance policy issued by the defendant. The defendant undertook the defense of the underlying action, subject to a reservation of rights. The defendant subsequently disclaimed coverage based upon, insofar as relevant here, Exclusion B of the subject policy, which bars coverage for "[a]ny 'Claim' based upon or attributable to the 'Insured' gaining any profit, advantage or remuneration to which the 'Insured' is not legally entitled." The defendant subsequently ceased paying defense costs related to the underlying action.

The district then commenced this action seeking a judgment declaring that the defendant is obligated to defend and indemnify it in the underlying action, and related injunctive relief. The defendant asserted a counterclaim to recover the costs it had already incurred in defending the underlying action on behalf of the district. The district moved for summary judgment on its causes of action for declaratory and injunctive relief and dismissing the counterclaim. The defendant cross-moved for summary judgment, in effect, declaring that it is not obligated to defend and indemnify the district, and on its counterclaim. The Supreme Court granted the district's motion and denied the cross motion, determining that Exclusion B did not apply to the allegations of the underlying complaint and, thus, the defendant was obligated to provide a defense and indemnification. The defendant appeals, and we affirm.

Exclusions from coverage must be strictly construed and read narrowly (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304,

311 [1984]). "When an exclusion clause is relied upon to deny coverage, the burden rests upon the insurance company to demonstrate that the allegations of the complaint can be interpreted only to exclude coverage" (*Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 444 [2002]; *see International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 325 [1974]). The insurer bears the "heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]; *see Exeter Bldg. Corp. v Scottsdale Ins. Co.*, 79 AD3d 927, 929 [2010]).

Here, the Supreme Court properly determined that Exclusion B does not apply to bar coverage for the underlying action. The plaintiff in the underlying action did not assert a claim based upon the district's acquisition of any profit, advantage, or remuneration to which it was not legally entitled, but seeks, as contractual damages, a percentage of the state aid which the district will ultimately receive for the years covered by the contract. There is no allegation that the district was not legally entitled to the state aid that it received. Contrary to the defendant's contention, the mere allegation in the complaint in the underlying action that the plaintiff therein is owed payment by the district does not bring the allegations of that complaint within the terms of Exclusion B (*cf. National Union Fire Ins. Co. of Pittsburgh, Pa. v Town of Huntington*, 215 AD2d 544 [1995]). Accordingly, the Supreme Court properly granted the district's motion and denied the defendant's cross motion.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendant is obligated to defend and indemnify the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Florio, Eng and Roman, JJ., concur.