Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 10, 2012, which denied defendant’s motion for summary judgment dismissing the complaint, and, upon plaintiffs cross motion for partial summary judgment, declared that defendant is obligated to defend it in the underlying action, and order, same court and Justice, entered March 21, 2012, which, to the extent appealable, denied defendant’s motion to renew, affirmed, without costs.
Hill Country Bakery, LLC, a nonparty to this appeal, made and distributed baked goods. As part of its baking process, Hill Country froze its products, immediately cut them, and then packaged them for distribution.
In 2006, Hill Country bought a spiral freezer system from plaintiff I.J. White Corp., a manufacturer of spiral processing equipment for use in the food industry. The purpose of the spiral freezer system was to allow freshly baked cakes to be placed on a conveyor belt and frozen within 150 minutes so that they would emerge from the system properly cooled and ready to be cut. Purportedly, however, the freezer system never operated properly. According to Hill Country, when the cakes emerged from the freezer in the allotted time, their temperature was around 20 to 25 degrees Fahrenheit rather than the 0 to 5 degrees Fahrenheit necessary for proper handling, and they were ruined upon cutting.
In 2010, Hill Country commenced an action against plaintiff, alleging that for eight months, it was unable to use the $21 million facility it had constructed specifically to house the equipment that it had bought from plaintiff. Instead, Hill Country alleged, it had been obliged to use that period to fix the equipment, and had expended an additional $1.9 million to render the equipment operable.
Plaintiff requested defense and indemnity from its insurer, defendant Columbia Casualty Co. Plaintiff’s insurance policy defined “property damage” as “[pjhysical injury to tangible property, including all resulting loss of use of that property” and “loss of use of tangible property that is not physically injured.” The policy also defined “occurrence” as “an accident, including continuous or repeated exposure to substantially the same general harmful conditions.” Defendant ultimately tendered a formal disclaimer letter, finding that the alleged *532 defects in the freezer did not qualify as an “occurrence” under the policy because there had been no accident. Further, defendant asserted, there had been no “property damage” within the meaning of the policy.
The IAS court properly denied defendant’s motion and granted plaintiff’s cross motion. Courts have held that commercial general liability (CGL) policies do not insure against faulty workmanship in the work product itself (see George A. Fuller Co. v United States Fid. & Guar. Co., 200 AD2d 255, 259 [1st Dept 1994] [no “occurrence” where damage was to premises upon which construction manager/contractor performed work], lv denied 84 NY2d 806 [1994]). However, such policies do insure against property damage caused by faulty workmanship to something other than the work product (id.; see also Transportation Ins. Co. v AARK Constr. Group, Ltd., 526 F Supp 2d 350, 356-357 [ED NY 2007] [analyzing case under New York law]). Plaintiff does not seek coverage simply for allegedly faulty workmanship that caused the defect in the freezer. Rather, it seeks defense and indemnity for property damage that Hill Country, a third party, alleged that it suffered because of a defect in the freezer. Indeed, in George A. Fuller Co. (200 AD2d 255), on which defendant places much reliance, the damage occurred to the property upon which the contractor performed the work— that is, to the work product itself. Plaintiff, by contrast, seeks coverage for the damage to the cakes, not to the freezer. This damage is precisely the kind that plaintiff’s CGL policy contemplated, and therefore, the complaint properly alleges an “occurrence” within the meaning of the policy (cf. Baker Residential Ltd. Partnership v Travelers Ins. Co., 10 AD3d 586, 586-587 [1st Dept 2004]). Hill Country’s loss of use of the facility specifically built to house the freezer is also covered under the policy, since “property damage” is defined to include “[l]oss of use of tangible property that is not physically injured.”
Furthermore, in support of its argument, defendant notes that according to Hill Country, the freezer itself did not ruin the cakes; rather, the cakes did not freeze to the proper temperature within the required time and were ruined only when Hill Country tried to cut them, not when they were in the freezer. Therefore, defendant concludes, there was no causal nexus between any occurrence (the freezer’s failure to work properly) and any property damage (ruined cakes). We reject this argument, as it articulates a distinction without a difference. Although the freezer itself did not cut the cakes, the fact remains that Hill Country’s product was rendered unusable as a direct result of the alleged defect in plaintiffs freezer. Hill Country’s *533 primary purpose in buying the freezer was to quickly freeze the cakes in order to streamline the cutting and distribution process; whether the freezer itself actually ruined the cakes or simply caused them to be ruined when cut with a separate instrument is beside the point.
We have considered defendant’s remaining arguments and find them unavailing.
Concur—Saxe, Moskowitz and ManzanetDaniels, JJ.