■ MICHAEL CHIARELLO, an Infant, by His Mother and Natural Guardian, MARIANNE CHIARELLO, et al., Respondents, v FRANK RIO et al., Defendants/Third-Party Plaintiffs-Appellants. ENCOMPASS INSURANCE COMPANY OF AMERICA, Third-Party Defendant-Respondent. [59 NYS3d 129]—

In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated July 29, 2014, as granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the first cause of action in the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On July 18, 2007, the infant plaintiff allegedly was injured while operating an off-road vehicle (hereinafter the subject vehicle) owned by the defendants third-party plaintiffs, Frank Rio and Lori Rio (hereinafter together the defendants). The infant plaintiff was a guest of the defendants' teenage son at the defendants' vacation home, located in Galway, New York. The injured plaintiff was operating the subject vehicle in a sand pit, located on a neighboring property, a half mile from the defendants' property, when the vehicle tipped over, allegedly causing him to be injured.

The third-party defendant, Encompass Insurance Company of America (hereinafter Encompass), had issued a homeowners' insurance policy that insured the defendants' vacation home, effective as of March 13, 2007. The subject policy excluded claims for bodily injury arising out of the use of an insured's motorized land conveyance designed for recreational use off public roads, which was not subject to motor vehicle registration, if an accident involving that vehicle did not occur on an insured location.

In June 2010, the injured plaintiff, by his mother and natural guardian, and his mother, individually, commenced an action against the defendants alleging that the infant plaintiff was injured on the defendants' premises while operating the subject vehicle, and that the defendants were negligent with respect to the maintenance of their property. After Encompass disclaimed coverage to the defendants for the plaintiffs' action on the ground that the defendants failed to timely notify it of the occurrence, and that the occurrence fell within certain exclusions of the policy, the defendants commenced a third-party action against Encompass for indemnification and to recover damages for breach of contract as their first cause of action, and to recover damages for negligence as their second cause of action.

After answering the third-party complaint, Encompass

moved for summary judgment dismissing the third-party complaint, or, in the alternative, for severance of the third-party action from the main action. In an order dated January 6, 2012, the Supreme Court denied Encompass's motion in its entirety, and granted leave to renew upon the completion of discovery. Encompass appealed from that order and this Court found that the Supreme Court should have granted that branch of Encompass's motion which was for summary judgment dismissing the second cause of action in the third-party complaint (*see Chiarello v Rio*, 101 AD3d 793, 794 [2012]).

After discovery was completed, Encompass moved, inter alia, for summary judgment dismissing the first cause of action in the third-party complaint, arguing that it did not owe a duty to defend or indemnify the defendants, among other things, on the ground that the location where the accident occurred was not the insured location and that the vehicle involved in the accident was not a recreational vehicle. In opposition, the defendants argued that the area where the accident occurred was used by them such that it would be considered an insured location as that term was defined by the subject policy. The Supreme Court granted that branch of Encompass's motion which was for summary judgment dismissing the first cause of action in the third-party complaint, finding that Encompass did not owe a duty to defend or indemnify the defendants with respect to the action commenced by the plaintiffs. The defendants appeal.

"[A]n unambiguous policy provision must be accorded its plain and ordinary meaning, and the court may not disregard the plain meaning of the policy's language in order to find an ambiguity where none exists" (*Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470, 471 [2003] [citations omitted]).

Here, Encompass established its prima facie entitlement to judgment as a matter of law dismissing the first cause of action by submitting deposition testimony demonstrating that the subject vehicle being operated by the injured plaintiff was excluded under the terms of the subject policy, as it was not a recreational vehicle and was not being operated on the defendants' property at the time of the accident (*see Exeter Bldg. Corp. v Scottsdale Ins. Co.*, 79 AD3d 927, 929 [2010]; *Mueller v Allstate Ins. Co.*, 21 AD3d 1010, 1012 [2005]). In opposition, the defendants failed to raise a triable issue of fact (*see Mueller v Allstate Ins. Co.*, 21 AD3d at 1012). Contrary to the defendants' contention, there was no ambiguity in the language of the subject policy that would allow for the sand pit, situated on a neighboring property, where the accident occurred, to be

considered an area used "in connection with" the insured location so as to raise a triable issue of fact as to whether the subject policy exclusion did not apply (*see Wilner v Allstate Ins. Co.*, 99 AD3d 700, 702 [2012]; *Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d at 471).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of Encompass's motion which was for summary judgment dismissing the first cause of action in the third-party complaint. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.