Valley Forge Ins. Co. v ACE Am. Ins. Co. (2018 NY Slip Op 02665)





Valley Forge Ins. Co. v ACE Am. Ins. Co.


2018 NY Slip Op 02665


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-08959
 (Index No. 34306/07)

[*1]Valley Forge Insurance Company, et al., appellants- respondents, 
v
ACE American Insurance Company, respondent-appellant, et al., defendants.


Carroll McNulty & Kull LLC, New York, NY (Kristin V. Gallagher and Ann M. Odelson of counsel), for appellants-respondents.
London Fischer LLP, New York, NY (Daniel W. London and Christina Plummer of counsel), for respondent-appellant.
In an action, inter alia, for a judgment declaring, among other things, that the defendant ACE American Insurance Company is obligated to reimburse the plaintiff Valley Forge Insurance Company for costs expended in defending and settling an underlying personal injury action entitled Cunha v City of New York, commenced in the Supreme Court, Kings County, under Index No. 49367/02, the plaintiffs appeal from so much of a judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), entered December 19, 2016, as, upon, among other things, an order of the same court (Bernadette Bayne, J.), dated June 17, 2015, failed to award the plaintiffs prejudgment interest, and the defendant ACE American Insurance Company cross-appeals from so much of the same judgment as declared that it was obligated to reimburse the plaintiffs for costs expended in defending and settling the underlying personal injury action, and failed to declare that the plaintiff Valley Forge Insurance Company must reimburse it for payments it made to HAKS Engineers, P.C., in the underlying personal injury action.



DECISION & ORDER
` ORDERED that the judgment is affirmed, without costs or disbursements.
Severino Cunha was injured while working on a roadway excavation project in Brooklyn. The City of New York had hired Cunha's employer, JLJ Enterprises, Inc., as the prime contractor, and HAKS Engineers, P.C. (hereinafter HAKS), to perform engineering inspection [*2]services in connection with the project. Cunha commenced an action to recover damages for personal injuries against the City, and the City commenced a third-party action for contractual and common-law indemnification against HAKS. The City and HAKS settled with Cunha, but proceeded to trial in the third-party action. After, inter alia, a trial and motion practice in the third-party action, eventually the Court of Appeals determined that the City was entitled to 100% indemnification from HAKS (see Cunha v City of New York, 12 NY3d 504, 510).
HAKS had a primary commercial general liability policy with the plaintiff Valley Forge Insurance Company (hereinafter Valley Forge), an excess commercial general liability policy with the plaintiff Transportation Insurance Company (hereinafter Transportation), and a professional liability for design professionals policy with the defendant ACE American Insurance Company (hereinafter ACE). Valley Forge and Transportation (hereinafter together the plaintiffs) commenced this action against ACE, HAKS, and the City, seeking a declaration that the plaintiffs were not obligated to defend or indemnify HAKS, and that ACE was obligated to reimburse Valley Forge for the costs that it expended in defending and settling the underlying action on behalf of HAKS. ACE answered the complaint, and asserted a counterclaim seeking reimbursement of the payments that it made to settle the underlying action on behalf of HAKS. HAKS then moved for summary judgment against ACE, seeking a declaration that ACE was obligated to defend and indemnify HAKS. In April 2009, the Supreme Court issued an order granting HAKS's motion.
ACE thereafter moved for summary judgment dismissing the complaint and granting its counterclaim for contribution from Valley Forge, and the plaintiffs cross-moved for summary judgment dismissing ACE's counterclaim and for a declaration that ACE was obligated to reimburse Valley Forge for the costs that it expended in defending and settling the underlying action. By order dated June 17, 2015, the Supreme Court denied ACE's motion, and granted the plaintiffs' cross motion. On December 19, 2016, the court entered a judgment declaring that ACE was required to reimburse the plaintiffs for costs expended in defending and settling the underlying action. The plaintiffs appeal, and ACE cross-appeals.
"In an insurance coverage case, the insurer bears the burden of establishing that the claimed policy exclusion defeats the insured's claim to coverage by demonstrating that the exclusion relied upon is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case'" (Guishard v General Sec. Ins. Co., 32 AD3d 528, 529, affd 9 NY3d 900, quoting Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652; see Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383; Town of Massena v Healthcare Underwriters Mut. Ins. Co., 98 NY2d 435, 444; Vantage of Jackson, LLC v Everest Natl. Ins. Co., 85 AD3d 900, 901).
Here, the plaintiffs established that there was no coverage under the Valley Forge policy since the "professional services" exclusion was applicable to the claims asserted in the underlying action. The claims asserted by Cunha in the underlying action arise out of HAKS's "supervisory, inspection, architectural or engineering activities," and, thus, fall within the professional services exclusion under the Valley Forge policy (see Exeter Bldg. Corp. v Scottsdale Ins. Co., 79 AD3d 927; J. Lucarelli & Sons, Inc. v Mountain Val. Indem. Co., 64 AD3d 856; cf. Beauty by Encore of Hicksville v Commercial Union Ins. Co., 92 AD2d 855, 856). In opposition, ACE failed to raise a triable issue of fact as to the applicability of the exclusion (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court properly awarded judgment in favor of the plaintiffs, declaring, inter alia, that ACE was obligated to reimburse Valley Forge for [*3]costs expended in defending and settling the underlying action.
Further, the Supreme Court providently exercised its discretion in declining to award prejudgment interest to the plaintiffs.
ACE's remaining contention need not be reached in light of our determination.
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court